# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMON MARCELLUS MILLER,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0231 |
| | : | |
| PECO EXELON, *et al.*,<br>    Defendants. | : | |
| | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                               **FEBRUARY 26, 2019**

Plaintiff Solomon Marcellus Miller brings this civil action against PECO Exelon, Lynn R. Zack, Philadelphia Water Revenue, and Philadelphia Gas Works (PGW). Currently before the Court are Miller's Motion to Proceed *In Forma Pauperis*, his Amended Complaint, and a "Motion Appointing Executors" filed by an Orlando Antonio Acosta. (ECF Nos. 8, 9 & 10.) For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis*, dismiss his Amended Complaint, and deny his Motion Appointing Executors.

## I. FACTS AND PROCEDURAL HISTORY

Miller initiated this civil action by filing a Motion to Proceed *In Forma Pauperis* and a Complaint on January 15, 2019. The Complaint stated the jurisdictional basis for Miller's lawsuit as "Territory within which a court or government agency may properly exercise its power." (Compl. at 4.)[1] He alleged that the events giving rise to his claims occurred on September 20, 2018 in the "early morning." (*Id.* at 5.)

As the factual basis for his claims, Miller alleged as follows:

> I tender payment to these entities and they claim, we do not take tender of
> payment that [he] sent to these entities, they did not return my tender of

---
[1] The Court uses the pagination assigned to Miller's filings by the CM-ECF docketing system.

> payment's [sic]. Because I know that there is no lawful money, witch [sic] I sent them the law and tender of payment is lawful. I also sent the law for the basis for tender of payment and it was refused/disregarded [sic].

(*Id.*) Miller indicated that he was being "threaten[ed] that [his] utilities are going to be shut off if [he] [doesn't] pay soon." (*Id.*) As relief, Miller sought "all [his] past credit that was credited from [his] account." (*Id.* at 6.)

Shortly after lodging his Complaint with the Court, Miller filed a series of exhibits upon which the Complaint appears to be based. (ECF No. 4.) Those exhibits indicate that Miller sought to pay his water, gas, and electric bills with a "Government Obligations Remittance Coupon," that purports to give the payee "certified credit" in varying amounts. The "coupons," which are modeled to appear like a bank check, include the memo "Discharging of Government Obligations" and states the following:

> INTENTIONS: The above United States government obligations is hereby accepted and acknowledged, and I do assign And pledge the total value of the obligation to the United States of America through the United States Department Of the Treasury to be redeemed for value and receivable at the Federal Reserve, the Federal Reserve Bank, And/or any member bank and/or national Association as prescribed by statute (the act of March 9th, 1933; the Act of May 12, 1933; 12 USC 411; 18 USC 8; UCC 1-308, 3-419, and intentions of the United States Congress concerning THE CURRENT SERIOUS NATIONAL EMERGENCY).

(Exhibit, ECF No. 4 at 1, 3, & 5.) The "coupons" are each preceded by a preamble that declares them to be "receivable by all national and member banks and Federal <u>reserve banks</u>" and redeemable "at the Treasury Department of the United States, in the city of Washington, District of Columbia, or any Federal <u>Reserve Bank</u>." (*Id.*)

Along with the "coupons," Miller submitted to the various utilities to which he owed money a document entitled "§ 3-603. TENDER OF PAYMENT" that purports to explain his intentions and the recipients' obligations. Those documents appear to be the "law for the basis for tender of payment" referred to in his Complaint. (Compl. at 5.) The documents state that

2

"[o]ur records indicate that the above referenced [account] [has] been paid-off, tender has been made with reference to any Related debt . . . ."  (Exhibit, ECF No. 4 at 2, 4 & 6.)  The document indicates that if the utility refuses the "tender," the debt is essentially discharged, and suggests that the Uniform Commercial Code provides a basis for Miller to pay his bills in this manner. (*Id.*)

Before the Court had an opportunity to address Miller's filings, an individual by the name of Orlando Antonio Acosta filed a "Motion Appointing Executors," apparently on the authority that he holds a power of attorney "for beneficiary of the Mr. Miller's estate."  (ECF No. 5.)  The filing purported to "[give] direction" to the undersigned "appointing the judge as EXECUTORS of Mr. Solomon Miller's Estate" and to notify the "the judges that [we] have 72 hrs to get the estate Finances in order" or "a 1099-C will be filed with the Internal revenue Service."  (*Id.*) Acosta attached to his Motion a power of attorney between himself and Miller.

In an Order entered on the docket February 5, 2019, the Court denied Miller's Motion for Leave to Proceed *In Forma Pauperis* without prejudice because his financial circumstances were unclear from his initial Motion and the Motion appeared to be incomplete.  (ECF No. 6.)  The Court gave Miller thirty (30) days to either file a complete Motion that clarified his financial circumstances or pay the fees to commence this civil action.  Shortly thereafter, the Court denied the "Motion Appointing Executors" on the basis that it was not clear that Miller had passed away or who Acosta was trying to represent and because, in any event, a non-attorney may not proceed *pro se* on behalf of another individual, even if he holds a power of attorney.  (ECF No. 7.)  The Court also observed that Acosta had already been informed by the Third Circuit that he may not represent Miller in connection with his appeal in a separate case.  *See Miller v. Burt*, 3d Cir. No. 18-2911 (Dec. 19, 2018 Order).

Miller responded to the Court's Orders by filing a renewed Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 8.) He also filed an Amended Complaint that is essentially identical to his initial Complaint with the exception of the date it was signed. (ECF No. 10.) Acosta also renewed his "Motion Appointing Executors." (ECF No. 9.) The substance of the Motion is essentially the same as the prior Motion, but Acosta attached new exhibits in which he claims that he holds a power of attorney for Miller as well as "his estate, his creditors, or the creditors of his estate" as well as "the beneficiary Mr.solomon M Miller And Mrs. Jennifer Dixon Miller." (*Id.* at 3.) The exhibits also provide Acosta's thoughts on "DEFENSES AND CLAIMS IN RECOUPMENT" and "CLAIMS TO AN INSTRUMENT." (*Id.* at 2 & 5.)

Shortly thereafter, Miller filed an exhibit containing various quotes and citations. The document contains various legal phrases and principles but has no clear bearing on or relevance to Miller's lawsuit. (ECF No. 11.)

**II. STANDARD OF REVIEW**

The Court grants Miller leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this case. As Miller is proceeding *in forma pauperis*, the Court is obligated to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.[2] A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United*

---

[2] The Amended Complaint is the operative pleading in this case, although the two pleadings are in essence identical. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).

4

*States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Miller is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Motion Appointing Executors

The Court will deny Acosta's Motion Appointing Executors for the same reasons it denied Acosta's prior Motion. It is not exactly clear who Acosta is claiming to represent, especially since he claims to represent beneficiaries of Miller's estate even though Miller is still signing legal documents such as his Motion to Proceed *In Forma Pauperis* and Amended Complaint, which indicates he has not passed away. Additionally, even if Acosta holds a power of attorney for Miller or another interested party, as a non-attorney, he may not proceed *pro se* in this case. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); *Osie-Afriyie ex rel. Osie-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) (in general, a plaintiff who is not an attorney may not bring claims on behalf of another in federal court). Indeed, as noted above, Acosta has already been informed by the Third Circuit that he may not represent Miller in connection with his appeal in a separate case.

#### B. Miller's Claims are Frivolous

Having reviewed Miller's pleadings and his exhibits, the Court concludes that Miller's claims are legally frivolous.[3] The Court understands Miller to be claiming that the Defendants are somehow liable to him because they refused to accept his coupons as "tender" for payment of

---

[3] Although the exhibits were not attached to Miller's pleadings, it is clear the pleadings are based on the exhibits, as they are the "tender" offered to the Defendant-companies for payment of Miller's bills and the related "law" referred to in the Complaint and Amended Complaint.

5

his utility bills. His logic appears to be based on the Uniform Commercial Code and/or a belief that "there is no lawful money," (Am. Compl. at 3), and/or federal statutes that do not have any relevance to payment of utility bills. These arguments are akin to arguments that courts have consistently rejected as lacking in legal merit. *See, e.g.*, *Marvin v. Capital One*, No. 16-2307, 2017 WL 4317143, at *1 (6th Cir. June 6, 2017) (dismissal of complaint was proper where plaintiff "[a]fter deciding that 'there is no lawful money,' . . . ceased paying his credit card bills and instead sent defendant a document of his own devising, on blue paper, that he called a 'bonded promissory note'" and "[t]he complaint contained no factual allegations showing that defendant's refusal to accept [plaintiff's] documents as payment of his debt gave rise to a claim"); *Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) (where plaintiff alleged among other things that there was no lawful money, stating "we note that Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in *any* court of law, and he would be wise to direct his energies in a more productive direction"); *United States v. Scully*, 798 F.2d 411, 413 (10th Cir. 1986) (finding defendant's argument that "the district court could not order restitution as part of his sentence because there is no 'lawful money' in the United States" to be "without any legal merit").

---

Accordingly, the Court may properly consider Miller's exhibits. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Estate of Roman v. City of Newark*, 914 F.3d 789, 797 (3d Cir. 2019) (concluding that "it was especially important for the Court to have considered the decree as well, given that it provides essential context to Roman's claims" even though the consent decree was not attached to the amended complaint).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Acosta's Motion, grant Miller leave to proceed *in forma pauperis*, and dismiss the Amended Complaint as legally baseless. Miller will not be permitted to file a second amended complaint because the Court concludes that amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**United States District Judge**